

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. MENDOZA, CDCR #BF-9275,<br><br>Plaintiff,<br><br>vs.<br><br>SPDP JIMMENEZ; SUPERIVISOR CITY OF SAN DIEGO,<br><br>Defendants. | Case No.: 3:18-cv-1608-WQH-WVG<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO COMPLY WITH FRCP 8** |

**I.    Procedural History**

On August 14, 2018, Christopher Mendoza ("Plaintiff"), currently incarcerated at Valley State Prison located in Chowchilla, California, and proceeding pro se, filed this civil rights action (ECF No. 1), together with a Request to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On August 14, 2018, Plaintiff's IFP Motion was GRANTED but the Court DISMISSED the Plaintiff's Complaint. (ECF No. 3.) Plaintiff was granted leave to file

1

an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On August 29, 2018, Plaintiff filed a First Amended Complaint ("FAC") which consists of one hundred and forty three (143) handwritten pages. (ECF No. 4.)

## II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. <u>Standard of Review</u>

Because Plaintiff is a prisoner and proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Rule 8

Complaints must also comply with Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). *See Iqbal*, 556 U.S. at 677–78 (2009). In addition to the grounds for sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations.").

In this case, Plaintiff's FAC is 143 handwritten pages. (ECF No. 4.) The FAC is verbose and repetitive. The Court finds Plaintiff's FAC violates Rule 8. Moreover, Plaintiff's FAC violates the Court's local rule that provides "[c]omplaints by prisoners under the Civil Rights Act, 42 U.S.C. § 1983" must be written on forms "supplied by the court" and "additional pages not to exceed fifteen (15) in number." S.D. Cal. Civ. R. 8.2(a). Accordingly, the Court DISMISSES the entire FAC on Rule 8 grounds, and for

3

violating the Court's local rules, but will permit Plaintiff to file an amended pleading that complies with Rule 8 and S.D. Cal. Civ. R. 8.2(a).

### C. Plaintiff's factual allegations

Plaintiff alleges that he was "picked up" on January 1, 2014 and placed in the San Diego Central Jail. (FAC at 3.) He claims Defendant Jimmenez "punched and chocked" Plaintiff causing him to "black out" and "collapse to the ground." (*Id.*) Plaintiff claims that Defendant "Jimmenez and other officers were fired 16 to 18 months later for misconduct." (*Id.* at 4.) Plaintiff claims that he suffers from "bodily injury and brain damage" as a result of the actions by Jimmenez. (*Id.*) Plaintiffs appears to allege Jimmenez placed him in a patrol car, heard Plaintiff "scream," and struck Plaintiff in the head. (*Id.* at 19-20.) Plaintiff claims that Jimmenez "parked in a secluded area" and forced Plaintiff to "walk nude in public." (*Id.* at 20.) Plaintiff also alleges Jimmenez continued to assault Plaintiff by "banging" his head "against the wall." (*Id.*)

### D. Fourth Amendment excessive force

In order to state a Fourth Amendment claim of excessive force under 42 U.S.C. § 1983, Plaintiff must allege facts to plausibly show that each person acting "under color of state law" used force which was excessive given: "(1) the severity of the crime at issue, (2) whether the [plaintiff] pose[d] an immediate threat to the safety of the officers or others . . . (3) whether he [was] actively resisting arrest or attempting to evade arrest by flight," and any other "exigent circumstances [that] existed at the time of the arrest." *Chew v. Gates*, 27 F.3d 1432, 1440–41 & n.5 (9th Cir. 1994) (citing *Graham*, 490 U.S. at 396); *see also Brosseau v. Haugen*, 543 U.S. 194, 197 (2004).

In this case, Plaintiff alleges facts related to interactions with law enforcement officers that could state a Fourth Amendment claim. However, Plaintiff makes multiple claims related to multiple actions taken by multiple individuals. It is difficult to decipher which claims relate to the actions of Defendant Jimmenez or some other unnamed defendant. For example, Plaintiff alleges that "Jimmenez let Jeffrey Jackson take Plaintiff away." (FAC at 69.) It is not clear who Jeffrey Jackson is or what actions this

4

individual took. In addition Plaintiff alleges that "the officer picked up Plaintiff and held Plaintiff for the deputy to use deadly force." (*Id.* at 71.) There are no specific or clear factual allegations regarding these claims, or regarding how the unnamed "officer" and "deputy" in this allegation relate to Defendant Jimmenez. Additionally, Plaintiff appears to allege certain actions on the part of Defendant Jimmenez in portions of his FAC but, in other portions of the FAC, Plaintiff appears to attribute the same actions to other individuals. Therefore, at this time the Court finds that Plaintiff's Fourth Amendment excessive force claims must be dismissed.

E. <u>Americans with Disabilities Act</u>

According to the Court of Appeals,

> To state a claim under Title II of the ADA, the plaintiff must allege:
> (1) he is an individual with a disability;
> (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;
> (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and
> (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons v. Navajo Cty.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (citation omitted). "To the extent [Plaintiff] seeks relief under the Americans with Disabilities Act," Plaintiff must allege facts that show "he was excluded or otherwise discriminated against because of his disability." *See Calvin v. Orange Cty. Sheriff Dep't*, 670 F. App'x 498, 498 (9th Cir. 2016); *see also Rodrigues v. Ryan*, 702 F. App'x 637, 637 (9th Cir. 2017) (affirming dismissal because the plaintiff "failed to allege facts sufficient to show that defendants denied him a reasonable accommodation because of his alleged disability."). In this case,

Plaintiff does not allege facts to support a plausible claim that he was discriminated against or denied accommodations because of the disability he alleges. At this time the Court finds that Plaintiff's Americans with Disabilities Act claims must be dismissed.

### F. Municipal Liability

The only other named Defendant is the "City of San Diego Supervisor Representatives." (FAC at 2.) To the extent Plaintiff intends to assert a claim against the City of San Diego itself, his allegations are insufficient. A municipal entity is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

## III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Court **DISMISSES** Plaintiff's FAC for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and for violating Fed. R. Civ. P. 8.

2. The Court **GRANTS** Plaintiff thirty (30) days leave from the date of this Order to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. Civ. R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). In addition, Plaintiff's Amended Complaint must comply with Fed. R. Civ. P. 8 and S.D. Cal. Civ. R. 8.2(a).

3. The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint.

**IT IS SO ORDERED.**

Dated: 10/3/18

Hon. William Q. Hayes
United States District Judge