UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. MENDOZA,<br><br>                             Plaintiff,<br><br>vs.<br><br>SDPD JIMMENEZ,<br><br>                            Defendant. | Case No.: 3:18-cv-01608-WQH-WVG<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT UPON DEFENDANT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

**I.    Procedural History**

On July 16, 2018, Christopher Mendoza ("Plaintiff"), proceeding pro se, filed this civil rights action (ECF No. 1), together with a Request to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On August 14, 2018, Plaintiff's IFP Motion was GRANTED but the Court DISMISSED the Plaintiff's Complaint. (ECF No. 3). Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* On August 29, 2018, Plaintiff filed a First Amended Complaint ("FAC") which consists of one hundred and forty three (143) handwritten pages. (ECF No. 4). On October 3, 2018, the Court DISMISSED his FAC for failing to state a claim

and for failing to comply with Federal Rule of Civil Procedure 8. (ECF No. 7).

On October 19, 2018, Plaintiff filed his Second Amended Complaint (SAC), along with a "Supplemental Disclosure for Amended Complaint" which the Court liberally construes as a "Supplemental Complaint." (ECF Nos. 9, 11). In his SAC, Plaintiff no longer names "Supervisor City of San Diego" as a Defendant and thus, all claims against this Defendant are waived. *See* S.D. Cal. Civ. R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

## II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

As the Court previously informed Plaintiff, because he was a prisoner at the time he filed this action and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Excessive Force Claims</u>

Plaintiff alleges Defendant Jimmenez, a San Diego Police Department Officer, "assaulted" him after he had been arrested for "drunk in public." (SAC at 3). As a result of this alleged attack, Plaintiff claims he "collapsed" and lost consciousness. *Id.* While Plaintiff claims Defendant's actions violated his right to be free from "cruel and unusual punishment" under the Eighth Amendment, *see id.*, the Court liberally construes his factual allegations to arise under the Fourth Amendment instead. *See Graham v. Connor*, 490 U.S. 386, 394–95 (1989) (first citing *Tennessee v. Garner*, 471 U.S. 1, 7–22 (1985) (analyzing claim of excessive force to effect arrest under a Fourth Amendment standard); then citing *Whitley v. Albers*, 475 U.S. 312, 318–26 (1986) (analyzing claim of excessive force to subdue convicted prisoner under an Eighth Amendment standard)).

So construed, the Court finds Plaintiff's SAC contains "sufficient factual matter, accepted as true," to state excessive force claims that are "plausible on its face," *see Iqbal,* 556 U.S. at 678, and sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), *see Wilhelm*, 680 F.3d at

3

1123. "Police use of force is excessive and violates the Fourth Amendment if it's objectively unreasonable under the circumstances." *Zion v. Cty. of Orange*, 874 F.3d 1072, 1075 (9th Cir. 2017); *Graham*, 490 U.S. at 388; *Scott v. Harris*, 550 U.S. 372, 383 (2007). The Court of Appeals for the Ninth Circuit "assess[es] reasonableness using the non-exhaustive *Graham* factors: 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Zion*, 874 F.3d at 1075 (quoting *Graham*, 490 U.S. at 396). "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1446 n.25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996). "[T]he constitutional right violated by the passive defendant is analytically the same as the right violated by the person who strikes the blows." *Id.* at 1447; *see also Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) ("'[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or a citizen' . . . if they had an opportunity to intercede.") (citations omitted).

The Court will order the U.S. Marshal to effect service upon Defendant Jimmenez on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III. Conclusion and Orders

Good cause appearing, the Court:

1. **DISMISSES** Defendant "Supervisor City of San Diego" and directs the Clerk of Court to terminate this Defendant from this docket.

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's SAC and Supplemental Complaint (ECF No. 9, 11) and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant Jimmenez. In addition, the Clerk will provide

Plaintiff with a certified copy of the August 14, 2018 Order granting IFP status, a certified copy of his SAC and Supplemental Complaint, and the summons so that he may serve Defendant Jimmenez. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where Defendant Jimmenez may be served*, see S.D. Cal. Civ. R. 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3. **ORDERS** the U.S. Marshal to serve a copy of the SAC, Supplemental Complaint and summons upon Defendant Jimmenez as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Jimmenez, or upon Defendant's counsel if appearance has been entered by counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant Jimmenez or his counsel, and the date of that service. *See* S.D. Cal. Civ. R. 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendant Jimmenez, may be disregarded.

**IT IS SO ORDERED**.

Dated: November 1, 2018

Hon. William Q. Hayes
United States District Court