UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. MENDOZA,<br><br>        Plaintiff,<br><br>v.<br><br>SDPD JIMMENEZ, San Diego Police Officer,<br><br>        Defendant. | Case No.: 18-cv-1608-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Motion to Reopen Case filed by Plaintiff Christopher M. Mendoza (ECF No. 22).

**I. BACKGROUND**

  On July 16, 2018, Plaintiff, proceeding pro se, initiated this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Defendant SDPD Jimmenez. (ECF No. 1). On August 14, 2018, the Court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis and dismissed Plaintiff's Complaint sua sponte for failing to state a claim upon which relief may be granted. (ECF No. 3). Plaintiff filed an Amended Complaint on August 29, 2018 (ECF No. 4), and a Second Amended Complaint on October 19, 2018 (ECF No. 9). On November 1, 2018, the Court determined that the Second Amended Complaint stated a Fourth Amendment excessive force claim against Defendant, and

ordered the U.S. Marshal to effect service of the Second Amended Complaint upon Defendant. (ECF No. 12).

On March 22, 2019, the Court issued an Order that stated:

> This Order constitutes notice to Plaintiff that the Court will dismiss this action against Defendant without prejudice unless, no later than April 15, 2019, Plaintiff files either (1) proof that service of the summons and complaint was timely effectuated or (2) a declaration under penalty of perjury showing good cause for failure to timely effect service upon defendant accompanied by a motion for leave to serve process outside of the 90-day period.

(ECF No. 16 at 1-2). On April 17, 2019, the Court dismissed the Second Amended Complaint without prejudice for failure to comply with the Court's March 22 Order and Federal Rule of Civil Procedure 4(m). (ECF No. 18). On October 15, 2021, Plaintiff filed a Motion to Reopen Case. (ECF No. 22).

## II.   DISCUSSION

In his Motion, Plaintiff seeks to "Reopen [the] case." (*Id.* at 1). Plaintiff "request[s] to reservice the Defendant" and "request[s] to have tolling." (*Id.*). The Court will construe Plaintiff's Motion to Reopen Case as seeking relief under Federal Rule of Civil Procedure 60(b) from the Court's Order dismissing the Second Amended Complaint. *See Lemoge v. United States*, 587 F.3d 1188, 1191-98 (9th Cir. 2009) (analyzing a motion to set aside a Rule 4(m) dismissal and extend time of service under Rule 60(b)).

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

2

19-cv-1128-WQH-BGS

>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Plaintiff's Motion to Reopen Case does not clearly describe the basis for his request to reopen the case and "reservice the Defendant." The Motion states that "[t]he El Cajon Court judge . . . [found] me incompetent to stand trial on 8 2019," and that "Covid-19 has also entered my body." (ECF No. 22 at 1, 3). These statements sound in the "excusable neglect" provision of Rule 60(b)(1), rather than any of the bases for relief contained in Rule 60(b)(2) through (6). The Court construes Plaintiff's Motion to Reopen as seeking relief under Rule 60(b)(1).

The Order dismissing Plaintiff's Second Amended Complaint was entered on April 17, 2019. Plaintiff's Motion to Reopen Case was filed on October 15, 2021. The Court concludes that Plaintiff's Motion to Reopen Case is untimely.[1] *See* Fed. R. Civ. P. 60(c) (stating that a motion under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding.").

///

///

---

[1] The Court does not reach the issues of whether Plaintiff's neglect was excusable under the *Pioneer-Briones* standard, whether time for service should be extended under Rule 4(m), or whether tolling of any applicable statute of limitations is appropriate. Because Plaintiff's Second Amended Complaint was dismissed without prejudice, any question of tolling may be considered by the Court if and when Plaintiff initiates a new action.

3

19-cv-1128-WQH-BGS

## III. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reopen Case filed by Plaintiff Christopher M. Mendoza (ECF No. 22) is denied.

Dated: October 26, 2021

Hon. William Q. Hayes
United States District Court